```
┌─────────────────────────────────────────────────┐
│           NONPRECEDENTIAL DISPOSITION             │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────────┘
```

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 15, 2013*
Decided August 19, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 12-3121 | Appeal from the United States District Court for the Western District of Wisconsin. |
| PRINCE ATUM-RA UHURU MUTAWAKKIL, also known as NORMAN C. GREEN, JR., *Plaintiff-Appellant*, | |
| *v.* | No. 11-cv-471-bbc |
| PETER HUIBREGTSE, *et al.*, *Defendants-Appellees.* | Barbara B. Crabb, *Judge*. |

**Order**

This order covers issues omitted from today's precedential opinion. The district court resolved all of these claims summarily, on screening under 28 U.S.C. §1915A.

1. Mutawakkil contends that some of the defendants gave false testimony in his proceeding to change the name on his judgment of conviction. He says that the district court overlooked this contention. It did not. The judge dismissed this aspect of the complaint because 42 U.S.C. §1983 does not permit a court to hold a witness liable for earlier testimony. See *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983). Witnesses have absolute immunity from liability in damages.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

2. Defendants declined to pay for a transcript of the state proceeding in which Mutawakkil sought to change the name on his judgment of conviction. He contends that state law requires the state to pay for the transcript. But the federal Constitution does not oblige states to follow their own laws. In other words, §1983 cannot be used to enforce state law. See, e.g., *Archie v. Racine*, 847 F.2d 1211, 1216–17 & n.5 (7th Cir. 1988) (en banc).

Mutawakkil is free to pursue his state-law claim in state court. He filed this suit in state court; defendants removed it on the basis of the complaint's federal claims. With those claims resolved, the state-law claims return to state court. 28 U.S.C. §1367(c). The district court's judgment was not clear on this, but we modify it to provide explicitly that the court relinquishes supplemental jurisdiction over all claims under state law and remands these claims to the court in which suit began.

3. Mutawakkil contends that some defendants violated the eighth amendment by withholding blood-pressure medication from him after becoming confused about who the medication was for. The district court correctly dismissed this claim, because Mutawakkil does not allege intentional infliction of harm or its equivalent, deliberate indifference to a known risk of serious harm. See *Farmer v. Brennan*, 511 U.S. 825 (1994). Nor does he allege injury. Indeed, the complaint suggests to us that the medication was not prescribed for Mutawakkil in the first place.

4. Mutawakkil contends that some defendants violated the due process clause of the fourteenth amendment by not responding adequately to his grievances. But the Constitution does not require prisons to have administrative systems for the redress of grievances. Absence of an effective grievance system might affect whether a prisoner needs to exhaust intra-prison remedies before filing a §1983 suit but is not an independent violation of the Constitution. See *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008).

5. Mutawakkil contends that prison officials sometimes opened his mail outside of his presence, in violation of Wisconsin law. This claim is outside §1983 but can be pursued on remand to state court. Mutawakkil may find it difficult to prevail unless he can show injury, which his complaint does not allege. See *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

6. Mutawakkil maintains that the prison wrongly confiscated some of his documents. To prevail on a claim that lack of documents deprived him of access to the courts, he must demonstrate prejudice in a particular suit. See *Lewis v. Casey*, 518 U.S. 343 (1996). His complaint does not allege any adverse consequence, so this claim was properly dismissed.

The district court's judgment is modified to provide that claims under state law are remanded to state court and, as so modified, is affirmed.